PER CURIAM.
We have for consideration the biennial report of The Florida Bar Small Claims Rules Committee (Committee) proposing amendments to the Florida Small Claims Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also Fla. R. Jud. Admin. 2.130(c).
The Committee proposes minor amendments to rule 7.050(a)(2), form 7.322, and *294 rule 7.090(b) of the Florida Small Claims Rules. The proposed amendment to rule 7.050(a)(2) requires a nonlawyer employee of a corporation to be authorized in writing to represent the corporation at any stage of the trial proceedings. The proposed amendment to form 7.332, the form summons used in small claims cases, provides notice of the written authorization requirement. The proposed amendment to rule 7.090(b) extends the time for the clerk of court to set the pretrial conference in small claims cases from thirty-five days to fifty days from the date of filing the action.
The proposed amendments were submitted to the Board of Governors of The Florida Bar, and the Board unanimously recommended their acceptance. The proposed amendments were also published in the February 15, 2003 edition of The Florida Bar News, and interested parties were invited to comment. No comments were received.
Upon consideration, we adopt the Committee’s proposals and amend the Florida Small Claims Rules as reflected in the appendix to this opinion. New language is indicated by underscoring; deleted language is indicated by overstriking. The amendments shall become effective January 1, 2004, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 7.050. COMMENCEMENT OF ACTION; STATEMENT OF CLAIM
(a)Commencement.
(1) Statement of Claim. Actions are commenced by the filing of a statement of claim in concise form, which shall inform the defendant of the basis and the amount of the claim. If the claim is based on a written document, a copy or the material part thereof shall be attached to the statement of claim.
(2) Party Not Represented by Attorney to Sign. A party, individual, or corporation who or which has no attorney handling such cause shall sign that party’s statement of claim or other paper and state that party’s address and telephone number, including area code. However, if the trial court in its discretion determines that the plaintiff is engaged in the business of collecting claims and holds such claim being sued upon by purchase, assignment, or management arrangement in the operation of such business, the court may require that corporation to provide counsel in the prosecution of the cause. A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation.
(b) Parties. The names, addresses, and telephone numbers, including area code, of all parties or their attorneys, if any, must be stated on the statement of claim. Additionally, attorneys shall include their Florida Bar number on all papers filed with the court.
(c) Clerk’s Duties. The clerk shall assist in the preparation of a statement of claim and other papers to be filed in the action at the request of any litigant. The clerk shall not be required to prepare papers on constructive service, substituted service, proceedings supplementary to execution, or discovery procedures.
(d) Memorandum on Hearing Date. The court shall furnish all parties with a memorandum of the day and hour set for the hearing.
(e) Replevin. In those replevin cases to which these rules are applicable, the clerk *295 of the county court shall set the hearing required by section 78.065(2)(a), Florida Statutes (prejudgment replevin order to show cause hearings) and rule 7.050(d) (pretrial conferences) at the same time.
Committee Notes
1988 Amendment. Subdivision (a)(2): To clarify who may appear and represent a corporation in a small claims case.
Subdivision (b): First sentence is to conform Florida Small Claims Rules with Florida Rules of Judicial Administration 2.060(d) and 2.060(e). Second sentence is to conform to proposed amendment to rules of judicial administration.
Subdivision (e): Require that the order to show cause hearing required in small claims replevin cases and the pretrial conference required by the small claims rules be held at the same time to save time and avoid confusion.
Court Commentary
1972 Amendment. The statement of claim need not be verified.
Subdivision (c) is amended so as to provide that the clerk shall not be required to prepare papers on substituted service.
RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE
(a) Appearance. On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel.
(b) Notice to Appear; Pretrial Conference. The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 8550 days from the date of the filing of the action. At the pretrial conference, all of the following matters shall be considered:
(1)The simplification of issues.
(2) The necessity or desirability of amendments to the pleadings.
(3) The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.
(4) The limitations on the number of witnesses.
(5) The possibilities of settlement.
(6) Such other matters as the court in its discretion deems necessary.
Form 7.322 shall and form 7.323 may be used in conjunction with this rule.
(c) Defensive Pleadings. Unless required by order of court, written pretrial motions and defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to the pretrial conference or within such time as the court may designate. The filing of a motion or a defensive pleading shall not excuse the personal appearance of a party or attorney on the initial appearance date (pretrial conference).
(d) Trial Date. The court shall set the case for trial not more than 60 days from the date of the pretrial conference. At least 10 days’ notice of the time of trial shall be given. The parties may stipulate to a shorter or longer time for setting trial with the approval of the court. This rule does not apply to actions to which chapter 51, Florida Statutes, applies.
(e) Waiver of Appearance at Pretrial Conference. Where all parties are represented by an attorney, counsel may agree to waive personal appearance at the initial pretrial conference, if a written agreement of waiver signed by all attorneys is presented to the court prior to or at the pretrial conference. The agreement shall contain a short statement of the disputed issues of fact and law, the number of witnesses expected to testify, an estimate of the time needed to try the case, and any *296 stipulations of fact. The court shall forthwith set the case for trial within the time prescribed by these rules.
(f) Appearance at Mediation. In small claims actions, an attorney may appear on behalf of a party at mediation if the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party’s signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person.
(g) Agreement. Any agreements reached as a result of small claims mediation shall be written in the form of a stipulation. The stipulation may be entered as an order of the court.
Committee Notes
1972 Amendment. Rule 7.120 is incorporated in subdivision (c). It is slightly expanded to provide for a computation period from service by mail and to give the parties the right to stipulate to a shorter time for the trial.
1984 Amendment. This change requires the use of a pretrial procedure and requires both parties to attend the pretrial conference which can be used to resolve pretrial motions. The use of a pretrial previously varied from county to county.
1988 Amendment, (b) 1st sentence— Chair’s clarification.
2nd sentence — Require the clerk to set the initial pretrial conference within a reasonable time after filing of the action taking into consideration the fact that the time standards guideline for small claims cases is 95 days.
3rd sentence — State within the small claims rules what matters shall be considered at the pretrial conference rather than by reference to Florida Rule of Civil Procedure 1.220(a), which has been amended several times and is generally not applicable to small claims cases.
4th sentence — Direct that new form 7.322 shall and that new form 7.323 may be used statewide.
(c) Clarifies that a personal appearance is required at the pretrial conference when a defense motion is filed.
(e) Adds a provision for waiving counsel’s appearance at the pretrial conference where all parties are represented by counsel.
FORM 7.322. SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE
(CAPTION)
STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the_in Courtroom #_, located at __, on _(date)_, at _m., for a PRETRIAL CONFERENCE before a judge of this court.
IMPORTANT — READ CAREFULLY
THE CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES— APPEAR IN PERSON OR BY ATTORNEY
The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiffis) must appear to avoid having the case dismissed *297 for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiffs) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.
The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the ease, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.
If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.
RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as the defendant(s), believe the plaintiffs) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiffs) or plaintiff s(s’) attorney, if any.
A copy of the statement of claim shall be served with this summons.
DATED at _, Florida, on _(date)_
As Clerk of the County Court